UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 8 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

| | |
|---|---|
| CHRISTIAN PAGE ) | |
| ) | |
| ) | Civil Action No. 4:21-cv-101-JM |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DIAMOND PET FOODS ) | |
| ) | This case assigned to District Judge Moody |
| Defendant ) | and to Magistrate Judge Ray |
| ) | |

## COMPLAINT

Comes Now, Plaintiff, Christian Page, by and through the undersigned attorney and filed the Complaint against the above-named Defendant on the following grounds:

### I.

### INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, pursuant to Fourteenth Amendment in the United states Constitution, and 29UI.S.C. §621-634, Age Discrimination in Employment Act; and to recover for equitable relief on behalf of the plaintiff against the defendant for the unlawful employment practices that Plaintiff, has been subjected to discrimination based on her race, sex and age.  This is an action for declaratory, injunctive and equitable relief as well as monetary damaged to redress Defendant's unlawful employment practices of discrimination.

1

## II.

## **JURISDICTION**

1. Jurisdiction and venue of this Court is invoked pursuant to 28 US.C. § 1331, 1343, 1391, 42 U.S.C. §2000e *et seq. and 42 U.S.C. §1981.*

2. The unlawful employment practices alleged to have been committed against the Plaintiff were committed in Tillar, Arkansas in the Central District of Arkansas.

## III.

## **VENUE**

3. Defendant, Diamond Pet Foods was operating its business at 800 So. Main Street, Dumas, AR  71639 in the Eastern District of Arkansas at all times pertinent to this cause of action.  Venue is property in this district pursuant to 28 U.S.C. §1391(b)( & (c)

## IV.

4. Plaintiff is an African-American female, and is a resident of Tillar, Arkansas at all times pertinent to this cause of action

5. The Defendant, Diamond Pet Foods, ('the Company") is a duly authorized corporation under the law of the State of Arkansas and was conducting business at 800 So. Main, Dumas, Arkansas at all times pertinent to this cause of action.

## V.

## **STATE OF FACTS**

6. Plaintiff was hired on January 5, 2015, as a sanitation worker.

7. Plaintiff applied for a transfer on or about February 20, 2020 to the job as forklift operator with the Defendant's warehouse manager for the first shift.

8. That Plaintiff had experienced working on the forklift and a Caucasian female with less qualification was hired for the position as forklift operator.

9. That Plaintiff was more qualified than a male who was younger that was hired for a forklift operator that Plaintiff had requested that she be placed in the position on the first shift.

10. Plaintiff asserts that she went to Human Resources Manager and requested that she be considered for the two positions on the dayshift for a forklift operator. The Human Resources Manager promised her that she would speak with the Warehouse Manager about the position that the Plaintiff requested.

11. Plaintiff alleges that since she was already an employee there was no application for her to complete to indicate her desire to be considered by the position of forklift operator.

## VI.

## CAUSE OF ACTION

12. That Plaintiff re-alleges paragraph numbered 1 through 12 as though set forth word for word herein.

13. That the Defendant discriminated against the Plaintiff on the basis of her race and sex when a person outside of the protected class that was less qualified was hired for the position of forklift operator in violation of 42 U..S.C. §1981 and 42 U.S.C. 2000e seq.

14. That Defendant discriminated against the Plaintiff on the basis of her age when it hired persons outside of the protected class that was younger for the forklift operator positions

when the Plaintiff had more qualified for the position as forklift operator in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621-634.

15. That Plaintiff was issued a right to sue letter by the U.S. Equal Employment Opportunity Commission on November 9, 2020. (Exh !)

## VII.

## DAMAGES

**WHEREFORE,** Plaintiff, Christian Page prays for a judgment for compensatory damages for discrimination, for full front pay, full back pay, and for her humiliation, emotional distress and other damages caused by Defendant's conduct; for punitive damages, for all other employment benefits that the Plaintiff may be entitled; and for a jury trial and for all other relief to which the Plaintiff may be entitled.

Respectfully submitted,
Sheila F. Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR  72114
(501)  374-0700 (telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net

Sheila F. Campbell
Ark. Bar # 83-239



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office

820 Louisiana St., Suite 200<br>
Little Rock, AR 72201<br>
Intake Information Group (800) 669-4000<br>
Intake Information Group TTY (800) 669-6820<br>
FAX (501) 324-5991<br>
Website: www.eeoc.gov

Christine Page
351 Hwy 138 E.
Tillar, AR 71670

Re:   Page v. Diamond Pet Foods
      EEOC Charge No.: 493-200-01418

Dear Ms. Page,

The enclosed Notice terminates the processing of your charge and gives notice of your right to sue within 90 days. On September 28, 2020, a copy of the Respondent's position statement was released to you through the EEOC portal and was also emailed directly to you. You reviewed the position statement documents and provided a rebuttal. All evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged that you were not considered for a forklift operator position because of your age (60), in violation of the Age Discrimination in Employment Act of 1967, as amended.

The evidence gathered in the investigation revealed that:

1) The position of forklift operator was advertised and those interested were required to submit an application.

2) The evidence shows that you did not submit an application for the forklift operator position.

3) You did not provide evidence to show that the selected candidate was hired without submitting an application.

Based upon the evidence gathered, EEOC is unable to conclude that there was a violation under the laws enforced by EEOC.

No further action will be taken by this office regarding your charge of discrimination. The Director's determination in this matter is enclosed. This determination concludes the processing of the charge by the EEOC, but does not affect your right to sue on your own behalf. You may pursue the matter by filing in Federal District Court as explained in the Dismissal and Notice of Rights.

Sincerely,

*Ivonne Knutson*

Ivonne Knutson
Investigator

11/9/2020
Date

Enclosure

**EXHIBIT 1**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**